IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JEFFERY ROYER,

    Plaintiff,

vs.                              Civil Action 2:07-CV-892
                                Judge Sargus
                                Magistrate Judge King

MICHAEL J. ASTRUE, Commissioner
of Social Security,

    Defendant.

### ORDER

On July 31, 2008, the United States Magistrate Judge issued a *Report and Recommendation* recommending that the decision of the Commissioner of Social Security denying plaintiff's application for disability insurance benefits be affirmed and that this action be dismissed. *Report and Recommendation,* Doc. No. 17. This matter is now before the Court on the plaintiff's objections to that *Report and Recommendation,* which the Court will consider *de novo.* See 28 U.S.C. §636(b).

Plaintiff raises the same two objections that he presented in his *Statement of Errors*, Doc. No. 11, considered and rejected by the Magistrate Judge. First, plaintiff argues that, because the administrative law judge improperly found that plaintiff's residual functional capacity permitted the performance of his past medium work as a janitor and radiator repairman, *A.R.* 28-29, the matter must be reversed and remanded. As the *Report and Recommendation* noted, this finding was erroneous. The administrative law judge apparently relied on the vocational expert's initial testimony that plaintiff's residual functional capacity would permit the performance of plaintiff's past medium work as a janitor and radiator repairman. *A.R.* 513. However, the

vocational expert later corrected that testimony and agreed that plaintiff's residual functional capacity would preclude all of his prior work. *A.R.* 516-17. However, the administrative law judge's error in this regard was harmless. The vocational expert also testified that plaintiff's residual functional capacity would permit the performance of 20 percent, or 17,600 of light jobs, including such jobs as a security guard and order clerk, *A.R.* 517-18, and approximately 3,000 sedentary jobs, including such jobs as surveillance systems monitor and order filler, *A.R.* 518. Relying on this testimony, the administrative law judge also found that plaintiff's residual functional capacity permitted the performance by him of work that exists in significant numbers. *A.R.* 29. Although plaintiff urges the reversal of the administrative decision because "[t]he ALJ did not issue a decision which accurately assessed the claimant's residual functional capacity and erroneously determined that Mr. Royer could return to his past relevant work," *Plaintiff's Objections,* at 2, Doc. No. 18, he does not persuasively argue that the administrative law judge's decision lacks substantial support in the record. As determined by the United States Magistrate Judge, any misstatement by the administrative law judge in this regard was, indeed, harmless.

Plaintiff also once again challenges the administrative law judge's determination that plaintiff's residual functional capacity permits the performance of a reduced range of sedentary and light exertion. The vocational expert testified that plaintiff's residual functional capacity, as found by the administrative law judge, permits the performance of a significant number of light jobs. *A.R.* 517-18. Plaintiff argues that the administrative law judge should have found that plaintiff is limited to only sedentary exertion because he found that

plaintiff can walk or stand no more than 2 hours per workday. The regulation defining "light" work, 20 C.F.R. §404.1567(b), specifies that "[t]o be considered capable of performing **a full or wide range of light work**, ..." a claimant must be able to perform "a good deal of walking or standing." 20 C.F.R. §404.1567(b) (emphasis added). The vocational expert testified that plaintiff's residual functional capacity permitted the performance of a reduced range of light work. It is simply inaccurate to characterize that testimony as limiting plaintiff to only sedentary exertion.

Plaintiff's objections to the *Report and Recommendation*, Doc. No. 18, are therefore **DENIED.** The decision of the Commissioner is **AFFIRMED** and this action is hereby **DISMISSED.**

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT** pursuant to Sentence 4 of 42 U.S.C. §405(g).

9-26-2008
Date

Edmund A. Sargus, Jr.
United States District Judge

3